### *W. H. MYERS v. STATE OF OHIO.

1. SEVERAL COUNTS EACH CHARGING DIFFERENT OWNERSHIP OF FUNDS.

Where an indictment containing four counts, the first charging that the defendant on March 3, 1888, as guardian of the estate of C. E. S., a minor, had embezzled and converted to his own use $3,000 of the personal property of said ward, and the other counts each charging him with the embezzlement of a like sum, the allegation in the second being that it was the property of N. S., in the third that it was the property of W. S., and in the fourth that it was the property of S. G. S.: all of said counts in other respects being identical, a motion to quash the same for the reason that four several felonies were charged therein, was properly overruled.  There was no defect apparent on the face of the record, or in the form of the indictment, or in the manner in which the offense was charged, if such indictment is to be considered as charging a single offense.

8. MOTION TO ARREST JUDGMENT MUST SET OUT GROUNDS.

A motion to arrest the judgment in the case, which motion did not allege either of the grounds set out in sec. 7353, for which a motion to arrest the judgment in a criminal case may be granted, was properly overruled.

8. WHERE SEVERAL OFFENSES CHARGED SHOULD BE MOTION TO ELECT, NOT QUASH.

If the indictment had charged four separate and distinct offenses, a motion to quash it on this ground was not the remedy of defendant.  Such joinder may be made in proper cases known to the law, and if it be made to appear to the trial court that the defendant would be prejudiced by having to defend himself in one case, against several separate and distinct charges, the prosecuting attorney on the motion of the defendant should be required to elect upon which count or counts he would proceed.

---

* This decision reverses the common pleas, 10 Ohio Dec. R., 000 (s. c. 23 B., 251).

**4. Presumed that Different Counts are Different Ways of Meeting Proof.**

The presumption is, unless the contrary appears, that different counts in the same indictment are merely modes of charging the same offense in different ways, to meet the proof that may be offered upon the trial, and from the structure of this indictment, such would seem to be the case here.

**5. Where there are Several Counts, General Finding not Upheld.**

Where a single offense is charged by an indictment containing four counts, each charging the embezzlement of $3,000, a general finding of the jury that the defendant was guilty, and fixing the amount at $5,000, can not be upheld.

**6. Where Conversion was at Different Times, Verdict of Aggregate Sum will be Set Aside·**

Where on the trial of such an indictment it is shown that the money charged to have been embezzled by the defendant was converted to his use at many different times, and that the greatest sum so converted at any one time was $1,824.24, a verdict finding the defendant guilty of embezzling $5,000 is contrary to the evidence, and a new trial should be awarded.

**7. Charging Separate Embezzlements in Same Count, Bad for Duplicity—Under Proofs of Separate Acts, Prosecutor Must Elect.**

Where two or more separate and distinct acts of embezzlement are charged in the same count of an indictment, it is bad for duplicity. And where the indictment charges a single act, and there is proof as to several separate and distinct acts the prosecuting attorney will be required to elect for which act he will proceed.

**8. Failure of Proofs to Show Offenses Charged.**

If the indictment in this case is to be considered as charging a separate and distinct offense in each of the four counts, the verdict can not be upheld, for the reason that the proof shows that no four separate and distinct acts of conversion by the defendant would show the whole amount to be $5,000, or any greater sum than $4,124.24.

**9. Guardian Using Money in his Business not an Embezzler.**

A guardian, having as such the legal custody and possession of money received by him, belonging to the estate of his ward, and who in good faith, and with honest intentions, and expecting and intending to fully account for and return the same to his ward, with proper interest, uses it in his own business, or invests it in that of a firm of which he is a member, and it is lost without any fault or fraud on his part. is not guilty of embezzlement under the provisions of sec. 6841, Rev. Stat.

Error to the Court of Common Pleas of Hamilton county.

Smith, J.

The indictment presented against the defendant below and on which he was convicted, contained four counts. The first charged that the defendant on March 3, 1888, being the guardian of the estate of Cora E. Seibern a minor, did unlawfully and fraudulently embezzle and convert to his own use $3,000, of the personal property of the said Cora, which had come into his possession by virtue of his said guardianship. The second, third and fourth counts in like form respectively charged him with the embezzlement on the same day of· $3,000; the property of his other wards, viz.: the second laying it as the property of Norma, the third of Walter, and the fourth of Stephen G. Seibern—each count of the indictment standing alone was in due form.

The defendant filed a motion to quash this indictment, on the ground "that more than one crime or felony was charged therein,—viz.: four several felonies in four several counts thereof,—each count alleging the felony of embezzling the money and property of a distinct person, who was the alleged sole owner thereof." This motion was overruled by the court and an exception duly taken, and it is urged that this action was erroneous.

If the indictment is to be understood as charging but the one offense, viz.: the embezzlement by the defendant at the time named of one sum of $3,000, then the state might properly charge him with it in as many different counts as was thought advisable, averring in each that the property belonged to a different

person, so as to meet the proof which might be offered. And in such case we are not aware of any law or rule of criminal pleading which requires that it should appear on the face of the counts themselves, that the intent is to charge but one offense by the indictment. If this be so, the motion was properly over-ruled, as we see no defect on the face of the record or in the form of the indictment, or in the manner in which the offense is charged, which are the grounds upon which a motion to quash may be filed under sec. 7249, Rev. Stat.

Second—The motion which was filed to arrest the judgment, we think was also properly overruled. Section 7353, Rev. Stat., states the cases (and we suppose that now they are the only ones), in which such a motion may be granted in a criminal case, and it is sufficient to say that the motion filed did not allege either of the reasons named in the section.

Third—If it was intended by the indictment to charge the defendant with four several and distinct offenses, one by each count thereof, the motion to quash it was not the remedy of the defendant. We understand it to be the rule in this state, that several distinct offenses may be charged in different counts of the same indictment, where they arise out of, or are connected with the same transaction, or where they are connected by the same subject matter; but whether in such cases the prosecutor shall be required to elect upon which count or counts he will proceed, being a matter of discretion with the trial court, error will not lie to reverse its action in this behalf, unless the discretion is abused. Bailey v. State, 4 O. S., 440. It seems to be the law that if in the opinion of the trial court the defendant will be prejudiced, by having to defend himself in the one case, against two or more charges of felony brought against him in the same indictment, arising, it may be, out of wholly different transactions, and occurring at different times, the prosecutor should be required to elect upon which count he will proceed. But no such motion was made, and the case proceeded to trial on the indictment as it stood.

Fourth—As shown by the evidence, Myers was the legal guardian of the four Seibern minors named in the indictment, and he had at different times received money coming to them in equal proportions from their father's estate, and had deposited it in a bank, without any division thereof, and to his own personal credit. He afterward drew from the bank and invested in a business, in which he was one of the partners, about $11,000 or $12,000 of this money. These checks were drawn, and the investments thereof made by him at thirty-five different times, and in different sums—the largest amount being the sum of $1,824.34, the next largest $1,000, the next $800, and the next largest $500.

The verdict of the jury was a general one, finding the defendant guilty, and fixing the amount embezzled at $5,000, and the question arises, whether on the indictment and the evidence (all of which is brought before us by a bill of exception, taken on the overruling of the motion for a new trial), such verdict can be upheld. The first question for determination on this branch of the case is, whether the indictment is to be held as charging one or four several offenses. On its face it appears to charge four—but this is always the case where the same offense is, for purposes of safety, charged in more than one count. We incline to the opinion that the legal presumption in such case is, that but a single offense is charged, and that several are charged, is only a legal fiction, and that from the structure of the indictment itself, the fact that the dates of the alleged embezzlements are the same, and that in all respects the counts are identical, except as to the allegation of the ownership of the property, that the same conclusion should be reached, and that the change in the allegation as to the ownership, was only to meet the proof as it might appear on the trial.

On this supposition, how does the case stand? If the money claimed to have been embezzled was the property of the four minors jointly, it might have been so alleged, but in such case, under the provisions of sec. 7224, Rev. Stat., it might also be properly charged as the property of any one of the joint owners.

And if the verdict had found the defendant guilty of embezzling $3,000, so far as this question is concerned, it might have stood. But if the indictment charges but the one offense, viz.: the embezzlement of $3,000, how can it be upheld when it fixes the amount embezzled at $5,000. But in addition to this, it is ·evident from the proof in the case that no greater sum than $1,824.24 was so converted at one time, and if it be the law that each separate and distinct act of conversion would constitute a separate and distinct offense, no two of which could be properly charged in the same count, it would seem manifest that the jury in rendering a verdict of guilty, and fixing the amount at $5,000 must have taken into consideration several separate and distinct offenses, and unless two or more distinct offenses may be charged in one count, no more than four offenses could be charged in the four counts, and in such case the state would not seem to be in any better position, for by no addition of the amounts shown by the evidence to have been used, could any four of them amount to the sum of $5,000. And the finding of the jury as to the amount being material, and indicating that the result had been arrived at in a manner not warranted by law, the motion for a new trial should have been granted by the court.

We have had difficulty in arriving at a satisfactory conclusion, whether separate and distinct acts of embezzlement can, in this state, be laid in the same count and proof be properly admitted as to each of them as the foundation of a general verdict on such count. It seems very clear that at common law it would not be allowable.

Surely it could not be so as to distinct larcenies, with which offense embezzlement is so nearly allied. A theft of $20 at one time and of $30 at another, could not be joined in one count, and the defendant be found guilty of grand larceny in stealing $50. If the fact that there were two offenses instead of one appeared on the face of the count, it would be bad for duplicity, which is the charging of two or more offenses in the same count of the indictment. ·Archibold's Criminal Pleading, p. 53. And that the introduction of evidence of different acts to prove the one charge can not be received, but that the state must elect as to one act upon which it relies to prove the charge, is shown by the cases of Stockwell v. State, 27 O. S., 563, and Bainbridge v. State, 30 O. S., 264.

That the rule is the same at common law in embezzlement cases as in others, we think is shown by the books. See Archibold, p. 53, cited above. He states that the only exception to this rule as to duplicity are those named by him. One of them is, that by the statute 2nd William 4th, there may be charged any number of distinct acts of embezzlement not exceeding three which may have been committed against the same master within six months. But this is a strong implication that it could not be done at common law, and we have no such statute. But, as held under this statute in Regina v. Purchase, the proper course to pursue is to charge these several distinct acts in different counts. And it would seem very questionable whether several different acts of embezzlement of the property of different persons could at common law be laid in the same indictment, even in different counts.

We would see no reason to doubt that the law was the same on these points in Ohio, were it not for the decision of the supreme court in the case of Brown v. State, 18 O. S., 496, in which it was held, that proof of a continuous series of conversions of money by·a public officer to the use of another, in pursuance of a conspiracy between them, will support a verdict of the jury finding the aggregate sum as the amount of a single embezzlement. This apparently gives color to the idea that different acts of embezzlement may be joined in the same count, and on proof thereof, a verdict finding the defendant guilty of the conversion of the whole will be upheld. But the Brown case was one where the defendant was not the person having the custody of the property embezzled, but one who conspired with such officer to convert the money to their use, in which case, the court says the various takings was a single embezzlement. We are of the

opinion that it was not intended by this to establish a new rule of criminal pleading or practice, and that it must refer only to a case of conspiracy. In the subsequent cases of Gravatt v. State, 25 O. S., 162, and Campbell v. State, 35 O. S., 70, the court held that where the proof showed that the defendant had received the money afterwards embezzled at different times and from different persons, that this alone did not constitute ground for requiring the prosecution to elect upon which of the sums so collected the state would rely for conviction. In one of these cases it was so held, on the ground that the evidence did not show a distinct and independent conversion of each sum, but the conversion of both sums as one transaction. And in the other, on the ground that when the ruling complained of was made, the jury on the evidence might properly have found the same way. We think that there is a strong implication in these cases that if the proof had shown that the conversions were at wholly different times, that the election should have been made, as is expressly held in 27 O. S., and 30 O. S., before cited, if the rule is the same in cases of embezzlement as in others, which, we think it must be.

Fifth—Many special charges were asked by counsel for the defendant to be given to the jury. Some were given and some refused. Several of the latter, we think, were good law and applicable to the case, and should have been given in the form asked, or in substance, in different language. The principal legal question involved was, whether a guardian, having as such, the legal custody and possession of money received by him for his ward, and having in good faith and with honest intentions, and expecting and intending to fully account for and return the same to his ward with proper interest, used it in his own business or in that of a partnership of which he is a member, and it is lost by the failure of his business, or that of his firm, without any fraud on his part, is guilty of the crime of embezzlement, under sec. 6842, Rev. Stat.: By special charges Nos. 6 and 6a, defendant's counsel sought to have the court say to the jury, that he would not be, but this the court declined to do in the form in which it was asked.

There is a manifest and marked distinction in the two secs. 6841 and 6842, which define the crime of embezzlement—the first, by an officer charged with the safe-keeping, and disbursement of public money, and the latter when committed by a guardian, administrator, executor or other person acting in a fiduciary capacity named in the section. By sec. 6841, the officer so charged with the safe-keeping of the public money, who converts it to his own use, or uses, or invests it in any manner, or loans it, with or without interest, is guilty of the crime, without any regard to the motive of his act or whether he was acting in good faith or fraudulently. But under sec. 6842, it is entirely different, and the offense is committed only when the person having in possession property which came to him by virtue of his employment or position, fraudulently converts it to his own use, intending to deprive the real owner of it.

We are of the opinion that these two charges Nos. 6 and 6a, which were asked and refused, substantially stated the law on this point, and the evidence tended strongly to show the state of fact assumed therein, so as to make them applicable to the case. It is objected by the prosecuting attorney that the language used in No. 6, "that the defendant if acting in good faith and with honest intentions might lawfully do this," that is, make the investment in his business or that of his firm, was incorrect, and vitiated the whole charge asked for—that as we have no statute which expressly authorizes any such use by a guardian of his ward's money, if it had been given it would have misled the jury. But we think the fair interpretation to be placed on the word "lawfully" in No. 6, or "has a legal right" in 6a is, that such an act would not be in contravention of any statute, or a violation of the embezzlement section.

The point of difficulty is, whether the substance of those charges was not elsewhere given. The court in other instructions given at the request of the defendant, clearly said to the jury, that to make the accused guilty of the crime

charged, he must at the time of the conversion of the property have had a criminal intent to convert it to his own use, and by No. 16, that to constitute embezzlement, an investment of his ward's money in his own business, must have been with fraudulent intent to convert to his own use, and in 16d said that there is no statute in this state making it a crime for a guardian of the estate or property of a ward, to mingle the personalty of such ward with his own, and employ it in his business, and that for so doing his liability is civil only. This comes very near being the substance or equivalent of the charge asked on the point in controversy. It does not say, what is in the charge as requested, that a guardian may in good faith and with honest intentions, also use it in a firm of which he is a member without being guilty of embezzlement, and as this money, it is conceded, was so used by defendant, it would have been better in our own judgment to have so stated. Nor do we see in any other part of the charge given, what was set forth in No. 6 as asked, viz.: that if the investment so made was lost by his failure in business, or that of the firm, without any fraud on his part, that such investment or loss so made, or afterwards incurred, would not make him guilty of embezzlement, which was also a correct proposition of law, applicable to the case.

There is no question but that charge No. 12 asked by defendant and refused was right, and should in substance have been given, and we see no reason for its refusal. It is manifest that proof of a mere failure by a guardian to pay money due to his ward, when properly demanded is not evidence sufficient to convict him of the crime of embezzlement, and this is what the court was asked to say to the jury. It is true that the court in other charges had stated that it was essential that certain things should be shown before the jury would be warranted in finding the defendant guilty, viz., the actual conversion of the money with the fraudulent intent at the time to convert it to his own use, and deprive his ward of it, and this may have been considered by the court, as in effect saying to them, that the mere failure to pay over the money demanded was not sufficient evidence of embezzlement, and this is probably the correct view to take of it, and that it was not necessary to repeat it. And the same is probably true as to No. 1, which was asked and refused in that form.

But in view of the whole case we are of the opinion that in the trial of the case errors have intervened to the prejudice of the defendant. That there was no evidence upon which the jury could on the indictment as it stood, have properly found the defendant guilty of the embezzlement of $5,000, and that the court erred in refusing to grant a new trial, and in refusing to give the charges No. 6 and 6a and for these reasons the judgment will be reversed and a new trial awarded.

Judge Alfred Yaple, for plaintiff in error.

Wm. Littleford, assistant prosecuting attorney, for the state.